JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY THOMPSON,<br><br>                    Petitioner,<br><br>          v.<br><br>RALPH DIAZ,<br><br>                    Respondent. | Case No. 2:20-08997 JVS (ADS)<br><br>ORDER DISMISSING HABEAS CORPUS PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

Before the Court is a Petition for Writ of Habeas Corpus ("Petition") filed by Petitioner Anthony Thompson, an inmate at Correctional Training Facility in Soledad, California. [Dkt. No. 1]. The Court's review of the Petition, the Court's own records, and public records reveals that this Petition is a second or successive petition and Petitioner has not obtained permission from the Ninth Circuit Court of Appeals before filing it.

## I.    **RELEVANT BACKGROUND**

A review of Public Access to Court Electronic Records (PACER) reflects that Petitioner previously filed three Petitions for Writ of Habeas Corpus by a Person in State Custody in the Central District of California in 1999, 2000, and 2005. Petitioner's first

habeas petition was dismissed because Petitioner had not exhausted his available state remedies.  <u>Thompson v. Lamarque</u>, Case No. 99-08464, [Dkt. No. 3].  His second habeas petition was dismissed with prejudice on grounds of procedural default. <u>Thompson v. Lamarque</u>, Case No. 00-06461, [Dkt. Nos. 20, 26].  Petitioner's third habeas petition was dismissed as an unauthorized second or successive petition. <u>Thompson v. Marshall</u>, Case No. 05-02030, [Dkt. No. 3].  All three of Petitioner's prior habeas petitions challenged his 1996 conviction of burglary.

On April 7, 2016, Petitioner filed in the Ninth Circuit Court of Appeals an Application for Leave to File Second or Successive Petition, in which he sought to raise seven grounds for habeas relief.  <u>Thompson v. Spearman</u>, Case No. 16-70978 (9th Cir.), [Dkt. No. 1].  On August 18, 2016, the Ninth Circuit denied Petitioner's Application because Petitioner had not made the requisite prima facie showing under 28 U.S.C. § 2244(b)(2).  <u>Id.</u>, [Dkt. No. 3].

On September 28, 2020, Petitioner filed the instant Petition, asserting that he is entitled to remand for resentencing due to a change of state law.  [Dkt. No. 1, pp. 5-6]. Petitioner also filed with this Court a Request for Second or Successive Petition for the Ninth Circuit Court of Appeal dated September 23, 2020.  [<u>Id.</u>, p. 1].  It is unclear whether the Request is a copy of one he filed with the Ninth Circuit, or if it is an original request that was mistakenly filed with this Court.

## II.   <u>DISCUSSION</u>

This Petition is a successive habeas petition seeking resentencing due to a change in state law.  A successive petition is permissible only if it meets an exception outlined under 28 U.S.C. § 2244(b)(2).  Nevertheless, even "if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of

1  appeals before filing his new petition with the district court." Woods v. Carey, 525 F.3d

2  886, 888 (9th Cir. 2008) (citing 28 U.S.C. § 2244(b)(3)); see also Magwood v.

3  Patterson, 561 U.S. 320, 330–31 (2010) ("If an application is 'second or successive,' the

4  petitioner must obtain leave from the Court of Appeals before filing it with the district

5  court."); see also Rule 9 of the Rules Governing § 2254 Cases ("Before presenting a

6  second or successive motion, the moving party must obtain an order from the

7  appropriate court of appeals authorizing the district court to consider the motion . . . .").

8  The District Court lacks jurisdiction to consider and must dismiss unauthorized

9  successive petitions.  Burton v. Stewart, 549 U.S. 147, 153 (2007).

10      The instant Petition is Petitioner's fourth federal habeas petition challenging

11  Petitioner's imprisonment as a result of his 1996 judgment of conviction in the Los

12  Angeles County Superior Court.  Petitioner must first obtain authorization from the

13  Ninth Circuit Court of Appeals before filing a new petition in this District Court.  See 28

14  U.S.C. § 2244(3)(A).  However, Petitioner has not established he received authorization

15  from the Ninth Circuit.  A search of the Ninth Circuit's electronic docketing system on

16  PACER does not reflect that Petitioner recently obtained permission.

17      Until Petitioner has authorization from the Ninth Circuit to file another habeas

18  petition, this Court cannot consider Petitioner's claims.  Cooper v. Calderon, 274 F.3d

19  1270, 1274 (9th Cir. 2001) (per curiam) ("When the AEDPA is in play, the district court

20  may not, in the absence of proper authorization from the court of appeals, consider a

21  second or successive habeas application.").  Rule 4 of the Rules Governing § 2254 Cases

22  provides that if it plainly appears from the face of the petition and any exhibits attached

23  to it that the Petitioner is not entitled to relief in the district court, the judge shall

24  summarily dismiss the petition.

III.   **CONCLUSION**

The Petition is a "second or successive" petition without evidence that Petitioner obtained prior approval to file it by the Ninth Circuit Court of Appeals. As such, this Court lacks jurisdiction to consider its merits. Based on the foregoing, the Petition is summarily dismissed without prejudice for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: October 13, 2020

_____
THE HONORABLE JAMES V. SELNA
United States District Judge

Presented by:

_____/s/ Autumn D. Spaeth_____
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge

4